BERNARD KEILT, Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY, Appellant.

*Maintenance of a gate by a railroad company — negligence — damages for personal injuries — verdict sustained by the evidence.*

It is negligence for a railroad company to have, suspended above a passageway, a gate which falls very rapidly and cannot be controlled by the operator.

Upon the trial of an action brought to recover damages resulting from injuries sustained through the alleged negligence of the defendant, the plaintiff testified that he first saw a gate descending upon him when it was about eighteen inches above his head and a little in front of him. He was going fast and continued to advance, but before he could clear the gate it fell upon him and inflicted the injury complained of. The jury rendered a verdict for the plaintiff.

*Held,* that the verdict was sustained by the evidence.

APPEAL by the defendant, The Staten Island Rapid Transit Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of June, 1893, upon the verdict of a jury for $250 after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 13th day of June, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

The complaint in this action alleged that the defendant had as an appurtenant to their business a gate, which opened to allow passengers to pass to docks leading to their boats, which gates were under the charge and control of their agents and servants.

That on or about the 15th day of May, 1891, while the plaintiff was passing from a train for the purpose of boarding one of said boats, after having duly paid his fare and was going through said gateway, an agent and servant of the defendant, while engaged in the business of defendant under its instructions, directions and authority, suddenly assaulted said plaintiff by willfully and negligently lowering the gate upon him, without warning, and without any cause for so doing, and that said gate, without any fault or neglect on plaintiff's part, struck him on the head and threw him to the ground with great force and injured him severely.

*Tracy, Boardman & Platt,* for the appellant.

*Thomas F. Magner,* for the respondent.

PRATT, J.:

The plaintiff having prevailed before the jury, we must regard his version of the facts as established. He testified that he first saw the gate descending upon him when it was about eighteen inches above his head, and a little in front of him. He was going fast, upon a " dog trot," as he described it. He continued to advance, but before he could clear the gate it fell upon him, and inflicted injury.

The defense argue that this recital convicts plaintiff of negligence, in that he did not stop before going under the gate. The jury did not take that view, neither do we.

The time that elapsed from the time he saw the gate until it struck him, was probably less than a second, and he might well judge that

the safest way to avoid the gate was to hasten forward. The crowd behind him might well impede any effort to return, and it would seem that his safest plan was to hurry forward.

The charge of the court was as favorable as defendant had a right to ask.

The negligence of defendant is clear in having a gate suspended above the passageway which would fall so rapidly, and which could not be controlled by the operator.

The judgment should be affirmed.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.